UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN PITTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3723** |
| **LOUISIANA STADIUM AND EXPOSITION DISTRICT et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

In this litigation, Plaintiff John Pittman ("Plaintiff") brings suit against Defendants State of Louisiana (the "State"), individually and through the Louisiana Stadium and Exposition District ("LSED"), Superdome Management Group ("SMG"), and the fictitious XYZ Insurance Company ("XYZ") (collectively, "Defendants") following a slip and fall on an escalator at Caesars Superdome (the "Superdome").[1] Before the Court is Plaintiff's "Motion to Remand."[2] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion because LSED is an arm of the State with a real interest in this litigation.

### I. Background

On August 29, 2022, Plaintiff filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana against Defendants.[3] In the Petition, Plaintiff alleges that he slipped and fell on an escalator while exiting the Superdome on October 31, 2021, after attending a New

---

[1] Rec. Doc. 1-3.

[2] Rec. Doc. 19.

[3] Rec. Doc. 1-3.

1

Orleans Saints football game.[4] Plaintiff alleges that his injuries required surgery to his ankle, and he continues to receive treatment.[5]

On October 6, 2022, SMG removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] In the Notice of Removal, SMG asserts that the State, through LSED, "is a body politic and corporate and political subdivision with no real interest in this matter" because SMG is responsible for operation and maintenance of the Superdome.[7] SMG also asserts that the State and LSED have "only a general governmental interest in this matter in securing compliance with the law" such that they have only a nominal interest in this litigation.[8] Therefore, citing the Fifth Circuit's opinion in *Louisiana v. Union Oil Company of California*,[9] SMG argues that the State and LSED's citizenship may be disregarded for diversity purposes.[10]

Further, SMG asserts that XYZ is a fictitious insurance company whose citizenship can be disregarded under 28 U.S.C. § 1441(b)(1).[11] Thus, SMG asserts that complete diversity exists because Plaintiff is a citizen of Louisiana and SMG is a Pennsylvania general partnership.[12] SMG also asserts in the Notice of Removal that "the amount in controversy exceeds $75,000" to satisfy

---

[4] *Id*. at 2.

[5] *Id*. at 4.

[6] Rec. Doc. 1.

[7] *Id*. at 3.

[8] *Id*. at 4 (quoting *Grace Ranch, L.L.C., v. BP Am. Prod. Co.*, 989 F.3d 301, 309 (5th Cir. 2021)).

[9] 458 F.3d 364 (5th Cir. 2006).

[10] Rec. Doc. 1 at 3–4

[11] *Id*. at 5.

[12] *Id*. at 4.

the requirements for diversity jurisdiction pursuant to Section 1332 without further justification.[13]

On October 7, 2022, the Court ordered SMG to submit a jurisdictional briefing regarding the amount in controversy.[14] Specifically, the Court ordered SMG to submit summary judgment-type evidence within 14 days because there was insufficient information to determine whether the $75,000 requirement for diversity was satisfied.[15] On October 21, 2022, SMG submitted jurisdictional briefing but did not provide any summary judgment-type evidence.[16] Thus, that same day, SMG moved for an extension of time to obtain the existing medical records that allegedly would establish the amount in controversy.[17] Plaintiff had no objection.[18] Accordingly, on October 24, 2022, the Court granted SMG an additional 30 days to submit summary judgment-type evidence regarding the amount in controversy.[19] On November 21, 2022, with Plaintiff's consent, SMG again moved for an extension.[20] On November 23, 2022, the Court granted SMG an additional 30 days to submit its summary judgment-type evidence.[21]

On December 21, 2022, SMG submitted additional briefing[22] and provided Plaintiff's

---

[13] *Id.* at 5.

[14] Rec. Doc. 5.

[15] *Id.*

[16] *See* Rec. Doc. 6.

[17] Rec. Doc. 5.

[18] *Id.* at 2.

[19] Rec. Doc. 7.

[20] Rec. Doc. 10.

[21] Rec. Doc. 11.

[22] Rec. Doc. 12.

medical records[23] to support the alleged amount in controversy. The records showed that, at the time of removal, Plaintiff had been diagnosed with "a displaced trimalleolar fracture of the left ankle," "underwent surgery," "reported to physical therapy in an Aircast brace on his left ankle," and "received two months of physical therapy."[24] SMG also cited numerous Louisiana cases where "damages for a broken ankle requiring surgery" were well above $150,000.[25]

On February 7, 2023, the Court ordered Plaintiff to show cause why Defendants should not be dismissed for failure to prosecute because Defendants had yet to file responsive pleadings.[26] That same day, Plaintiff filed a memorandum in response to the Order to Show Cause, stating that "[t]he uncertainty of proper jurisdiction [in this Court] has impeded the parties from prosecuting the action."[27] Plaintiff also filed a motion for a status conference seeking to discuss the Order to Show Cause and asking "what the Court requires the parties to do absent resolution of the jurisdictional issue."[28] On February 8, 2023, the Court denied Plaintiff's motion for a status conference, stating that it was satisfied with SMG's briefing on subject matter jurisdiction.[29] At the time, Plaintiff had not asserted any objection to removal.

On February 13, 2023, Plaintiff filed the instant motion to remand, which was set for

---

[23] Rec. Doc. 12-1.

[24] Rec. Doc. 12 at 2.

[25] *See id.* at 2–3 (citing *Echeverry v. Padgett,* No. 17-6494, 2021 WL 689239 (E.D. La. Feb. 23, 2021); Kennedy v. Columbus American Properties, L.L.C. 99-0940 (La. App. 4 Cir. 1/12/00); 751 So.2d 369; *Granger v. Bisso Marine, LLC*, No. 15-00477, Rec. Doc. 149 (E.D. La. Sept. 29, 2016); *Domjan v. Divcon, LLC*, No. 10-3398, Rec. Doc. 74 (E.D. La. Apr. 10, 2012)).

[26] Rec. Doc. 14.

[27] Rec. Doc. 15 at 2.

[28] Rec. Doc. 16.

[29] Rec. Doc. 18.

submission on March 8, 2023 at 10:00 A.M.[30] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date,[31] in this case, on February 28, 2023. On March 8, 2023, at 10:10 P.M., eight days past the deadline to file an opposition and after the instant motion was submitted, Defendants filed an opposition.[32] Nevertheless, the Court will exercise its discretion and consider the untimely opposition.

## II. Parties' Arguments

### A.     *Plaintiff's Arguments in Support of the Motion*

 Plaintiff argues that remand is appropriate for three reasons. First, Plaintiff argues that remand is appropriate because SMG has failed to show that complete diversity of citizenship exists among the parties.[33] Specifically, Plaintiff avers that he, the State, and LSED are citizens of Louisiana, and so the parties are not completely diverse.[34]

Second, Plaintiff argues that SMG's removal was defective because the State and LSED, "who were served prior to removal, did not join in or consent to such removal within thirty days of being served."[35] Plaintiff avers that SMG "presented no exceptional circumstances that would justify the two other defendants' failure to timely consent" and so therefore the case must be remanded.[36]

Third, Plaintiff argues that SMG's removal was premature because SMG "removed this

---

[30] Rec. Doc. 19

[31] *See* EDLA Local Rule 7.5.

[32] Rec. Doc. 22.

[33] Rec. Doc. 19-1 at 4.

[34] *Id*.

[35] *Id*. at 5.

[36] *Id*. at 5–6.

5

matter to federal court without having any medical records, medical bills, or knowledge of the value of Plaintiff's claims."[37] Plaintiff further argues that SMG "had to request two continuances" because it "lacked any evidence to support its notice of removal when it removed this case from state to federal court" and "[t]he initial petition did not set up a basis for removal."[38] Thus, Plaintiff concludes that the case should be remanded.[39]

### B.  *Defendants' Arguments in Opposition to the Motion*

In response, Defendants assert four arguments. First, Defendants argue that Plaintiff failed to file objections based on any procedural defects to removal within the thirty-day time window to do so.[40] Therefore, Defendants conclude that, because "Plaintiff's claims about lack of consent and joinder" are not jurisdictional, these objections are waived pursuant to 28 U.S.C. § 1447(c).[41]

Second, Defendants argue that the instant motion should be dismissed based on res judicata because the Court already stated it was satisfied that it has subject matter jurisdiction over this matter after receiving SMG's briefing on the amount in controversy.[42] Defendants assert that "the Fifth Circuit has held that 'although a jurisdictional ruling is technically not an adjudication on the merits, it has long been the rule that principles of res judicata apply to jurisdictional determinations.'"[43] Therefore, Defendants argue that the Court has already determined it has jurisdiction and Plaintiff "does not even argue that the amount in controversy

---

[37] *Id*. at 6.

[38] *Id*.

[39] *Id*.

[40] Rec. Doc. 22 at 4.

[41] *Id*.

[42] *Id*.

[43] *Id*. at 5 (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013).

6

is less than $75,000."[44] Thus, Defendants conclude that the Motion to Remand should be denied.[45]

Third, out of an abundance of caution, Defendants argue that they all consented to removal even though Plaintiff has waived any argument to the contrary.[46] Defendants assert that SMG specifically states in the Notice of Removal that the State and LSED had no opposition to removal.[47] Defendants argue that, since SMG's counsel also represents the State and LSED, this statement constitutes the consent of all Defendants.[48]

Fourth, Defendants argue that Plaintiff failed to properly serve the State and LSED pursuant to Louisiana Revised Statute § 13:5107(A)(1), which requires Plaintiff "to request service accurately on 1) the head of the Louisiana Stadium and Exposition District, 2) the Office of Risk Management, and 3) the Attorney General of Louisiana."[49] Defendants assert that "Plaintiff did not accurately request service on any of the three agents because service was requested at the incorrect addresses and the wrong agents."[50] Therefore, Defendants conclude that, since the State and LSED were not properly served, they "had no duty to join or appear" even if they were interested parties.[51]

---

[44] *Id*. at 6.

[45] *Id*.

[46] *Id.* at 7.

[47] *Id*.

[48] *Id*.

[49] *Id*. at 8.

[50] *Id*. at 8–9.

[51] *Id*. at 10–11.

### III. Legal Standard on a Motion to Remand

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[52] A federal court has original subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332 if the case "is between citizens of different states" such that complete diversity exists, and the amount in controversy "exceeds the sum or value of $75,000."[53] Complete diversity between the parties is present when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side."[54] The removing party bears the burden of demonstrating that federal jurisdiction exists.[55] Subject matter jurisdiction is fixed at the time of removal, and cannot be eliminated by events that occur after removal.[56]

Even if the plaintiff does not file a motion to remand, the Court must address the jurisdictional issue *sua sponte*, because a "party may neither consent to nor waive federal subject matter jurisdiction."[57] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[58]

---

[52] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[53] 28 U.S.C. § 1332(a)(1).

[54] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[55] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[56] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[57] *Harvey,* 542 F.3d at 1079.

[58] 28 U.S.C. § 1447(c).

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[59] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[60] However, pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."[61]

## IV. Analysis

In the instant motion Plaintiff moves to remand the case because: (1) SMG's removal was procedurally defective and premature; and (2) the parties are not completely diverse.[62] The Court addresses each argument in turn.

### A.     *Plaintiff's Procedural Objections to Removal are Barred by 28 U.S.C. § 1447(c)*

Plaintiff moves to remand the case, arguing that SMG's removal was procedurally defective in that SMG did not obtain the consent of the other Defendants before removal and that the removal was premature. However, 28 U.S.C. § 1447(c) clearly states that "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal."[63] SMG removed this case on

---

[59] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[60] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[61] 28 U.S.C. § 1447(c).

[62] *See* Rec. Doc. 19-1.

[63] 28 U.S.C. § 1447(c) (emphasis added).

9

October 6, 2022.[64] Accordingly, Plaintiff was required to file a motion to remand on the basis of any procedural defect to removal by November 5, 2022. Plaintiff did not file the instant motion to remand until February 13, 2023, over four months after removal and almost two months after SMG submitted summary judgment-type evidence of the amount in controversy.[65] Thus, Plaintiff has waived any procedural objections to removal.

### B.     *The Court Does Not Have Diversity Jurisdiction Over This Matter*

Although Plaintiff has waived his procedural objections to removal, the Court must still determine whether it has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[66] A federal court has subject matter jurisdiction over an action pursuant to Section 1332 if the case "is between citizens of different states," such that complete diversity exists, and the amount in controversy "exceeds the sum or value of $75,000."[67]

Complete diversity between the parties is present when "all persons on one side of the controversy [are] citizens of different states than all persons on the other side."[68] The removing

---

[64] Rec. Doc. 1.

[65] *See* Rec. Doc. 12.

[66] Defendants also argue that Plaintiff's motion should be dismissed based on res judicata because the Court has already determined that it has jurisdiction. Rec. Doc. 22 at 4. In support of this contention, Defendant cites the United States Court of Appeals for the Fifth Circuit's holding in *Comer v. Murphy Oil USA, Inc.* that "[a]lthough a jurisdictional ruling is technically not an adjudication on the merits, [i]t has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) (quoting *Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 Fed. App'x. 429, 435 (5th Cir. 2009)). However, the holding in Comer is not applicable to this case. In *Comer*, the Fifth Circuit affirmed the district court's determination that res judicata barred the plaintiff's claims because the district court had already dismissed the plaintiff's previous complaint based on issues of standing and justiciability. *Id*. In contrast, the Court merely stated it was satisfied based on SMG's jurisdictional briefing on the amount in controversy and made no final judgment to dismiss Plaintiff's claims. The removal statute is clear that the Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Therefore, res judicata does not warrant dismissal of Plaintiff's motion.

[67] 28 U.S.C. § 1332(a)(1).

[68] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

party bears the burden of demonstrating that federal jurisdiction exists. Plaintiff does not contest that SMG is a citizen of Pennsylvania for diversity purposes, nor does he contest that XYZ's citizenship can be disregarded as a defendant sued under a fictitious name.[69] However, Plaintiff avers that he, the State, and LSED are citizens of Louisiana, and so the parties are not completely diverse.[70] Defendants assert that the State and LSED have no real interest in this litigation, making them nominal parties whose citizenship can be disregarded for diversity purposes.[71]

As a general rule, "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction."[72] "However, if the State is a nominal party with no real interest in the dispute, its citizenship may be disregarded."[73] A nominal party is a party "without whose presence the district court could still 'enter a final judgment consistent with equity and good conscience.'"[74] "[T]he State is just a nominal party if its only stake in the suit is a 'general government interest' in 'secur[ing] compliance with the law.'"[75]

Defendants argue that the State and LSED are only nominal parties because SMG is responsible for maintenance and operations of the Superdome, and "specifically the escalators as

---

[69] *See* Rec. Doc. 19-1 at 4–5.

[70] Rec. Doc. 19-1 at 4.

[71] *See* Rec. Doc. 1 at 3–4.

[72] *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995).

[73] *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366 (5th Cir. 2006) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)).

[74] *Anderson v. Wels Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (quoting *Union Oil Co.*, 458 F.3d at 366–67).

[75] *Grace Ranch, L.L.C., v. BP Am. Prod. Co.*, 989 F.3d 301, 309 (5th Cir. 2021) (quoting *Mo., Kan., & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 60 (1901)).

it pertains to this case."[76] Therefore, Defendants conclude that, "[s]ince the only negligence alleged . . . is for improper escalator maintenance of the Superdome . . ., SMG is the only defendant with a real interest in this matter."[77] However, in the Petition, Plaintiff states that the State and LSED own the Superdome and LSED "is responsible for maintenance of the stadium."[78] Defendants do not contest these assertions.[79]

LSED is "a political arm of the State of Louisiana, [whose board is] comprised of seven Louisiana citizens each appointed by the governor and is the owner of the Superdome."[80] Although Defendant argues that SMG is responsible for maintaining and operating the escalators at issue, LSED is regularly sued by Superdome patrons[81] as the owner of the facility, which makes it ultimately responsible for maintenance at the facility.[82] Furthermore, in *Burch v. Superdome Management Group,* where the plaintiff made tort claims against SMG and LSED after an alleged elevator accident at the Superdome, another judge in the Eastern District of Louisiana granted an unopposed motion to remand given the lack of complete diversity between the parties.[83] Likewise, the Court cannot say that the parties are completely diverse nor that LSED has merely a "nominal"

---

[76] Rec. Doc. 1 at 3.

[77] *Id*.

[78] Rec. Doc. 1-3 at 1.

[79] *See* Rec. Docs. 1, 22.

[80] *Bailey v. Bd. of Comm'rs of La. Stadium and Exposition Dist.*, 484 F. Supp. 3d 346, 358 (E.D. La. 2020) (Brown, C.J.).

[81] *See, e.g., id.*; *Smith v. Bd. of Comm'rs of La. Stadium and Exposition Dist.*, No. 17-7267, 2019 WL 7580771 (E.D. La. Sep. 5, 2019).

[82] Rec. Doc. 1-3 at 1.

[83] *Burch v. Superdome Mgmt. Grp.*, No. 08-4719, Rec. Doc. 23 (E.D. La. July 8, 2009).

government interest in this matter that is limited to securing compliance with the law.[84]

The Court also finds Defendants' argument that the motion should be denied because the State and LSED were not properly served unavailing because the requirements of the diversity statute "cannot be circumvented through failure to serve a party that would otherwise destroy complete diversity."[85] Accordingly, the Court finds that LSED, an arm of the State, has a real interest in this litigation. Therefore, the case must be remanded because there "can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction."[86]

### V. Conclusion

Based on the foregoing, Defendants have not met their burden of showing that LSED is a nominal party such that this Court has diversity jurisdiction. Therefore, this matter must be remanded because there can be no federal jurisdiction based on diversity where a state is party.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[87] is **GRANTED.** The above captioned case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this  21st  day of March, 2023.

        **NANNETTE JOLIVETTE BROWN**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**

---

[84] *Anderson,* 953 F.3d at 314 (quoting *Union Oil Co.*, 458 F.3d at 366–67).

[85] *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022).

[86] *Texas Dep't of Hous. & Cmty. Affairs*, 68 F.3d at 926.

[87] Rec. Doc. 19.